IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MISSISSIPPI LIMESTONE CORPORATION                     PETITIONER
as Owner and Operator of one 17' Crew
Boat, for Exoneration From or Limitation
of Liability

V.                                        Cause No. 4:09cv36-SA-DAS

JEFFREY HOLLOWAY, ET AL                                  CLAIMANTS

<u>ORDER</u>

On December 7, 2009, this Court entered an Order granting Claimants' Motion to Lift
Previously Issued Stay and Staying Limitation Proceedings [27]. The Court erroneously concluded
Plaintiff's time to respond to the motion had passed, so the Court granted Claimants' motion as
unopposed. However, Plaintiff immediately informed the Court that it had one more day to respond.
The Court has agreed to reconsider its granting of Claimants' Motion to Lift Previously Issued Stay
and Stay Limitation Proceedings. For the following reasons, the Court reconsiders its previously
ruling and concludes that the Claimants' Motion to Lift Previously Issued Stay and Staying
Limitation Proceedings [27] is denied as premature.

*Background*

This matter arises out of an accident which occurred on March 5, 2009. A small crew boat
owned and operated by Petitioner Mississippi Limestone overturned in the river while transporting
Claimants Jeffrey Holloway, Adam Bennett, and Jeffrey Allen Holloway. A suit was filed on March
19, 2009, in the 6th Judicial District Court for the Parish of Madison, State of Louisiana under the
Jones Act and General Maritime Law on behalf of Claimants and against Mississippi Limestone.
Shortly thereafter, Mississippi Limestone filed this Complaint on April 3, 2009, for Exoneration of

or Limitation of Liability.

Notice was given of this Limitation proceeding and all claims were required to be filed by August 7, 2009. The only claims filed were those of Jeffrey Holloway, Adam Bennett, Rhonda Holloway, and Jeffrey and Rhonda Holloway on behalf of decedent Jeffrey Allen Holloway.

On November 20, 2009, Claimants filed their Stipulations and requested that this Court lift the previously issued stay in this matter so that they may pursue their previously filed claims in the Louisiana state court. Claimants further request that this Court administratively stay this matter in regard to the Limitation of Liability of Mississippi Limestone, such that the Limitation proceeding may move forward at a later date following the adjudication of the state court matter.

*Analysis*

As the Supreme Court and the Fifth Circuit have acknowledged, a tension exists between the Limitation Act, which gives vessel owners the right to pursue limitation of their liability exclusively in federal court, and the "saving to suitors" clause of 28 U.S.C. § 1333(1), which gives claimants a choice of remedies, including common law remedies sought in state court. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448, 121 S. Ct. 993, 148 L. Ed. 2d 931 (2000); In re Tidewater, Inc., 249 F.3d 342, 345 (5th Cir. 2001). A court can resolve this conflict by allowing claims to "proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." In re Tetra Applied Techs., L.P., 362 F. 3d 338, 341 (5th Cir. 2004) (citing Odeco Oil & Gas Co. v. Bonnette, 4 F. 3d 401, 404 (5th Cir. 1993). Accordingly, a claimant may proceed against a vessel owner in state court "if the necessary stipulations are

provided to protect the rights of the shipowner under the Limitation Act." In re Tetra, 362 F.3d at 341.

Here, Claimants have stipulated to Petitioner's right to pursue its limitation action in this Court, and Claimants have stipulated that they will not seek any judgement or ruling on Petitioner's right to limitation of liability in any court other than this Court. Further, Claimants have stipulated that they will not seek execution of any judgment against Mississippi Limestone Corporation obtained in any other court in excess of the Limitation fund pending the adjudication of this limitation of liability proceeding in this Court. Claimants also acknowledge that they will waive any defense of res judicata relevant to limitation of liability issues based upon any judgment in any other forum. Lastly, Claimants agree to share on a pro rata basis out of the limitation fund any judgment Claimants may receive in their respective favors as against Mississippi Limestone Corporation.

Despite Claimants' stipulations, Petitioner argues that Claimants should concede the accuracy of Petitioner's assertions as to the value of the vessel. However, the Fifth Circuit has deemed stipulation adequate if it concedes that the issue of the vessel's value will be litigated exclusively before the admiralty court. See In re Two "R" Drilling Co., 943 F.2d 576, 578 (5th Cir. 1991). Here, Claimants first stipulation states that "this Court has exclusive jurisdiction to determine . . . the value of the limitation fund herein[.]"

Petitioner also speculates that claims for contribution or indemnity by yet unnamed co-defendants may be filed in the future. In fact, since the filing of Claimants' Motion to Lift Stay, Mississippi Limestone filed a Third Party Complaint pursuant to Rule 14 (a) and Rule 14 (c) of the Federal Rules of Civil Procedure against Teleflex Incorporated. Teleflex has not yet answered the Third Party Complaint. The Fifth Circuit has expressly held that parties such as co-defendants

seeking contribution and indemnity are "claimants" within the meaning of the Limitation Act. Odeco Oil and Gas Company v. Drilling Bonette, et al, 74 F.3d 671, 674 (5th Cir. 1996). The Fifth Circuit reasoned that injured claimants have only partial control over a shipowner's potential liabilities, as other factors that may affect liability include how defendants share liability, defense costs, and other losses. Id. Therefore, to fully protect the vessel owner's limitation rights, these claimants must also sign the required stipulations in order to have a motion to lift stay granted. Id.

Here, Mississippi Limestone has "tendered" Teleflex pursuant to Rule 14(c) of the Federal Rules of Civil Procedure. Rule 14(c) provides that "the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff." Fed. R. Civ. P. 14 (c). Teleflex has yet to file an appearance; however, Teleflex may assert claims of contribution and indemnity against Mississippi Limestone. Because Teleflex must be treated as a co-defendant, the holding in Odeco applies. Thus, this Court cannot allow the state court to proceed in the absence of a stipulation agreed to by all claimants, including Teleflex, protecting Mississippi Limestone's right to limit its liability. Therefore, Claimaints' Motion to Lift the Stay is denied as premature.

*Conclusion*

Based on the forgoing analysis, the Court reconsiders and concludes Claimants' Motion to Lift Previously Issued Stay and Staying Limitation Proceedings is DENIED AS PREMATURE.

SO ORDERED, this the 18th day of June, 2010.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**