IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MISSISSIPPI LIMESTONE CORPORATION,
as Owner and Operator of one 17' Crew
Boat, for Exoneration From or Limitation
of Liability                                                No. 4:09-cv-00036-SA-DAS

**ORDER**

Petitioner, Mississippi Limestone Corporation ("Limestone"), brings this action for exoneration from or limitation of liability, civil and maritime, under the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. Pending before this Court is Limestone's Motion to Strike Claimants' Demand for a Jury Trial [57]. After reviewing the motion, response, rules, and authorities, the Court finds as follows:

**I. BACKGROUND**

This matter arises out of an accident which occurred on March 5, 2009. A small crew boat owned and operated by Petitioner Limestone overturned in the Mississippi River while transporting Claimants Jeffrey Dean Holloway, Adam Bennett, and Jeffrey Allen Holloway. A suit was filed on March19, 2009, in the 6th Judicial District Court for the Parish of Madison, State of Louisiana, under the Jones Act and General Maritime Law on behalf of Claimants and against Limestone. Shortly thereafter, Limestone filed this Complaint on April 3, 2009, for Exoneration from or Limitation of Liability. On April 20, 2009, this Court entered an order restraining all claims outside the limitation proceeding as required by Rule F.

## II. ANALYSIS AND DISCUSSION

Claimants concede that Limestone is indeed entitled to proceed, in admiralty, without a jury while this Court adjudicates Limestone's exoneration from or limitation of liability issues. However, Claimants wish to bifurcate this case in order to ensure that the only issue resolved in the federal forum is the exoneration from or limitation of liability question and to reserve to the state court all non-limitation issues. Limestone, on the other hand, proffers that the Court should resolve more than just its initial liability. Limestone urges this Court to decide the issues of exoneration, limitation of liability, and the liability of other parties, specifically the negligence appointment and damages with respect to third party Teleflex, Incorporated. Further, Limestone asserts that this Court should not empanel a jury in regards to any issues. Since the Court finds that the issue of bifurcation is directly intertwined with Limestone's Motion to Strike, the Court discusses both matters.

Congress passed the Limitation Act in 1851 "to encourage ship-building and to induce capitalists to invest in this branch of industry" by limiting shipowners' potential liability for maritime disasters. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 451, 121 S. Ct. 993, 148 L. Ed. 2d 931 (2001) (quoting Norwich Co. v. Wright, 13 Wall. 104, 80 U.S. 104, 121, 20 L. Ed. 585 (1871)) (internal quotation marks omitted). The central provision of the Limitation Act provides in relevant part: "[T]he liability of the owner of a vessel for any claim, debt, or liability . . . shall not exceed the value of the vessel and pending freight . . . [so long as] any loss, damage, or injury by collision . . . [occurs] without the privity or knowledge of the owner." 46 U.S.C. § 30505. The procedure for a limitation action is defined in the Federal Rules of Civil Procedure, Supplemental Admiralty and Maritime Claims Rule F ("Rule F"), which sets forth the following process:

> The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

Lewis, 531 U.S. at 448, 121 S. Ct. 993. Under the Limitation Act, this Court will employ a two-part analysis to determine whether the vessel owner is entitled to exoneration or limitation. See Farrell Lines Inc. v. Jones, 530 F.2d 7, 10 (5th Cir. 1976). First, the Court must decide whether Limestone's negligence or the conditions of unseaworthiness of its vessel caused the accident. Id. On this question, the Claimants bear the burden of proof. Id. If the Claimants successfully establish Limestone's liability, this Court must then determine whether Limestone, as the vessel owner, had knowledge or privity of the acts of negligence or conditions of unseaworthiness that caused the accident. Id. The vessel owner bears the burden of proof on this "privity or knowledge" question. Id.

Some tension exists between the Limitation Act and the saving to suitors clause, 28 U.S.C. § 1333(1). See id. Specifically, the requirement of the Limitation Act that the federal district court adjudicate (for multiple claimants) both the question of liability and whether limitation is appropriate – referred to as the concursus[1] requirement – deprives claimants of their right to pursue their actions in state court, and importantly, deprives them of the right to a jury trial, which is not provided in admiralty law (and specifically not an option under Rule F). Thus, when a vessel owner initiates limitation proceedings, a federal court "may stay all other proceedings against the shipowner arising out of the same accident," and direct all potential claimants to file their claims against the vessel owner in the admiralty court within a specified

---

[1] Concursus is defined as "[a] proceeding in which two or more creditors claim, usu[ally] adversely to each other, an interest in a fund or estate so that they can sort out and adjudicate all the claims on the fund." BLACK'S LAW DICTIONARY 286 (7th ed. 1999).

3

period of time. 46 U.S.C. App. § 185; FED. R. CIV. P. SUPP R. F(3) & (4); Texaco, Inc. v. Williams, 47 F.3d 765, 767 (5th Cir. 1995). Conversely, under the Saving Clause, federal district courts are acknowledged to have original and exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). This Saving Clause allows a claimant asserting an in personam maritime claim to sue in a common law state court through a civil action, reserving common law remedies where the common law is competent to give it. See Odeco Oil & Gas Co. v. Bonnette, 74 F.3d 671, 674 (5th Cir. 1996).

In Lewis, the Supreme Court found that this arrangement "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." Lewis, 531 U.S. at 445, 121 S. Ct. 993. Additionally, the saving to suitors clause "evinces a preference for common law remedies in the forum of the claimant's choice," see Odeco, 74 F.3d at 674, and trial by jury is an example of a remedy available to suitors, see Lewis, 531 U.S. at 454-55, 121 S. Ct. 993. Admiralty courts enjoy considerable discretion and those courts are permitted to and often do adjudicate the merits of the cases involved in the limitation proceeding, including the damages claims, even after limitation of liability has been denied or dismissed. Hartford Acc. & Indem. Co. v. Southern Pacific Co., 273 U.S. 207, 47 S. Ct., 71 L. Ed. 612 (1927); Pershing Auto Rentals, Inc. v. Gaffney, 279 F.2d 546, 552 (5th Cir. 1960). The Fifth Circuit, in Pershing Auto, recognized the "acknowledged power of the admiralty court to adjudicate the whole case and grant full relief even though limitation is denied." 279 F.2d at 552.

Conversely, numerous courts within the Fifth Circuit have deemed it appropriate to defer ruling on issues ancillary to the limitation proceeding until after limitation was decided. For example, in Complaint of Cameron Boat Rentals, Inc., 683 F. Supp. 577, 581 (W.D. La. 1988),

the court reasoned that in addition to the two established exceptions to exclusive admiralty jurisdiction,[2] there is a third "rule" under which exclusive admiralty jurisdiction must also give way: "once limitation is denied it is up to the claimants rather than the court whether the proceedings will continue in place or whether the injunction will be dissolved to permit the resumption of other actions." Id. (citing Wheeler v. Marine Nav. Sulphur Carriers, Inc., 764 F.2d. 1008, 1011 (4th Cir. 1985); Fecht v. Makowski, 406 F.2d 721, 722-23 (5th Cir. 1969)).

In this Court's view, not only does bifurcation "make[] perfect sense here," Matter of Suard Barge Services, Inc., 1997 WL 358128, at *2 (E.D. La. June 26, 1997), but "it [also] appears that the preferred approach, at least within federal district courts of the Fifth Circuit, is to decide the limitation issues and then allow claimants to return to state court if they so desire." In re Athena Constr., LLC, 2007 WL 1668753, at *6 (W.D. La. June 6, 2007). Indeed,

> [b]ifurcation has proved to be an effective tool to help ease the conflict between the apparent exclusive jurisdiction vested in this admiralty court by the Limitation Act and the presumption in favor of jury trials and common law remedies embodied in the "savings to suitors" clause of 28 U.S.C. § 1333. In essence, this Court will determine both negligence of petitioner and its right to limitation/exoneration in Phase I of the instant proceedings keeping its stay in effect, which will satisfy the Limitation Act's requirements. Should this Court determine that petitioner is not entitled to exoneration and/or limitation of liability, individual claimants submit that Court's jurisdiction will then be at an end, and they should be free to have a state court, or if applicable a state jury, determine the fault of additional parties, the relative degrees of fault, and damages. Thus, the congressional purposes behind the "savings to suitors" clause will be somewhat fulfilled.
>
> It can hardly be argued that any judicial inefficiency will result from the bifurcation of this matter. As to the determination of the existence of negligence on the part of the petitioner, if any, this Court's finding in that regard would have res judicata effect. Any subsequent proceeding, whether in this Court or in state

---

[2] The Supreme Court has identified two related situations where failure to modify the injunction to permit the outside action to resume amounts to abuse of discretion: (1) where there is but a single claimant, see Langnes v. Green, 282 U.S. 531, 541, 51 S. Ct. 243, 247, 75 L. Ed. 520 (1931); and (2) where multiple claimants are not in fact "competing" because the fund is adequate, see Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S. Ct. 1269, 1 L. Ed. 2d 1246 (1957). These two exceptions are not at issue here.

court would be focused on making the determinations as to whether any additional parties are at fault, the relative degrees of fault of the tort feasors, and damages.

In re Bergeron Marine Serv., Inc., 1994 WL 236374, at *1 (E.D. La. May 24, 1994). Further, "[t]hat [Limestone] recently filed an action for indemnification and/or contribution [against Teleflex, Incorporated] does not alter the Court's opinion." Matter of Suard Barge Services, Inc., 1997 WL 358128, at *3. In this particular case, "there is no need to decide the contribution/indemnification questions at the same time as the issues of [Limestone's] liability and entitlement to limitation are resolved." Id.

This Court acknowledges that it previously granted Teleflex, Incorporated's Motion to Continue Trial until April 4, 2011. However, based on the motion and briefs before the Court now, the Court concludes that on the April 4, 2011 trial date, it will determine only whether Petitioner Limestone is entitled to the protections of the Limitation Act. The Limitation Act "was fashioned by Congress as a shield rather than a sword," In re Bergeron Marine Serv., Inc., 1994 WL 236374, at *2; thus, if limitation is denied, claimants may elect (1) to keep this case in federal court, or (2) to have this court lift the stay of the state court proceeding and proceed in state court with a jury trial on the remaining issues.[3] "The federal courts have no monopoly over

---

[3] See, e.g., Pickle v. Char Lee Seafood, Inc., 174 F.3d 444, 449-450 (4th Cir. 1999) (remanding to the district court with instructions, in the event that limitation is denied, to lift the stay and provide claimants a choice to pursue their claims in the limitation action or to revive their original actions wherein they demanded jury trials); In re Complaint of Holly Marine Towing, Inc., 2003 WL 21384639, at *1 (N.D. Ill. June 16, 2003) (holding that the ordinary procedure in the event limitation is denied is to allow the claimants to return to the forum they originally chose, though they may elect to proceed in federal court which can keep the case pursuant to its admiralty jurisdiction); In re Complaint of Bay Runner Rentals, Inc., 113 F. Supp. 2d 795, 807 (D. Md. 2000) (finding that claimants have two options after limitation is denied and the stay is dissolved: to continue litigating their claims in the limitation proceeding before the court without a jury; or to pursue their original claims in the forum of their choice retaining their right to a jury trial); In re Suard Barge Service, Inc., 1997 WL 358128 (E.D. La. June 26, 1997) (finding that bifurcation, whereby the court would determine all limitation issues, and, if

remedies or even liability determination. Their exclusive sphere is limitation only." SCHOENBAUM, 2 ADMIRALTY & MARITIME LAW § 15-5 (4th ed.).

To sum up, the Court agrees with Claimants that this case should be bifurcated. In regards to Limestone's Motion to Strike, the Court only holds that while this exoneration/limitation action is pending, there is no right to trial by jury. Federal Rule of Civil Procedure 38(e) provides that there is no right to trial by jury of issues in an admiralty or maritime claim. See Waring v. Clark, 46 U.S. 441, 5 How. 441, 12 L. Ed. 226 (1847). Furthermore, jury trials are generally not available in limitation of liability actions. Pickle v. Char Lee Seafood, Inc., 174 F.3d 444, 449 (4th Cir. 1999); Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032 (11th Cir. 1996); Doughty v. Nebel Towing, 270 F. Supp. 957 (E.D. La. 1967). However, pursuant to motions from the parties, this Court will revisit the jury demand issues, if any should arise, after the exoneration from or limitation of liability action has been adjudicated.

### III. CONCLUSION

For the reasons stated above, the Court grants Petitioner's Motion to Strike Claimants' Demand for a Jury Trial insofar as it relates to Petitioner's limitation action.

---

limitation was denied, would free the claimants to proceed in state court before a jury to determine the relative degree of fault and damages, "made perfect sense," and would not result in judicial inefficiency); In re Complaint of Hill, 935 F. Supp. 710, 711-712 (E.D.N.C. 1996) (holding that the court would hear and determine limitation issues first and, if limitation is denied, would lift the injunction and permit the remaining issues to be determined by a jury in state court); In re Complaint of Sheen, 709 F. Supp. 1123, 1126, n. 2 (S.D. Fla. 1989) (stating that the court decided to bifurcate the trial, with the court first determining the limitations issues and, if limitation is denied, lifting its stay and permitting claimants to proceed in the forum of their choice, to help ease the conflict between the exclusive admiralty jurisdiction of the federal court in limitation actions and the savings to suitors clause).

So ordered on this, the __7th_ day of October, 2010.

                                              **/s/ Sharion Aycock**
                                              **UNITED STATES DISTRICT JUDGE**